**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | No.: 0:17-cr-1198-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Brandon Shane Polston, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Brandon Shane Polston ("Defendant"), proceeding *pro se*, filed this Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 on December 16, 2019. (ECF No. 145.) In response, the Government filed a Motion for Summary Judgment (ECF No. 154.) For the reasons stated below, the court **GRANTS** the Government's Motion for Summary Judgment (ECF No. 154) and **DISMISSES** Defendant's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 145) without a hearing.

**I.     FACTS AND PROCEDURAL HISTORY**

On December 14, 2018, this court sentenced Defendant to a one hundred twenty (120) month term of imprisonment and three (3) years of supervised release (ECF No. 140), after he pleaded guilty for being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e)  (ECF No. 5 at 1, ECF No. 153 at 15), and possession of machine guns and a destructive device not registered in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871 (ECF No. 5 at 3, ECF No. 153 at 15).  Defendant expressly waived his rights to appeal his conviction under his plea agreement, which he

acknowledged at his sentencing hearing before this court. (ECF No. 152 at 28.) He did not appeal his sentence.

Defendant filed this motion on December 16, 2019 (ECF No. 145) and raised four grounds for relief: (1) ineffective assistance of counsel through counsel's failure to advise him on his rights on appeal (*id*. at 5), (2) an error in his presentence report ("PSR") (*id*. at 6), (3) an unconstitutional conviction and sentence which violates his right to bear arms under the Second Amendment (*id*. at 7-8), and (4) his attorney's failure to "raise the issue of jurisdiction" (*id*. at 9). The Government filed its Motion for Summary Judgment on March 2, 2020. (ECF No. 154.) The following day, the court issued a *Roseboro* Order to Defendant, directing him to respond to the motion by April 3, 2020. (ECF No. 155.) While Defendant requested an extension for his response, which was granted by the court, he has to date failed to respond to the Government's Motion.

The Government argues summary judgment is appropriate because (1) Defendant's counsel was not ineffective (ECF No. 154-1 at 4), and (2) Defendant waived his right to appeal under the plea agreement (*id*. at 11).

## II.     LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment." *Id.* at 248. Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252. The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party to avoid summary judgment. *See id.* at 248.

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

A prisoner in federal custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. *See* 28 U.S.C. § 2255. The prisoner may be entitled to relief upon a showing that the sentence was imposed in violation of the constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, and that the sentence is otherwise subject to collateral attack. *Id.* However, § 2255 motions that allege violations of federal law are generally cognizable only if they involve a "fundamental defect which results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974). A petitioner

collaterally attacking his conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of evidence. *White v. United States*, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing *Miller v. United States,* 261 F.2d 546 (4th Cir. 1958)).

In ruling on a § 2255 motion, the court may dismiss the motion without a hearing when it conclusively shows from the attached exhibits and the record of prior proceedings that the moving party is not entitled to relief. *See* 28 U.S.C. § 2255(b) (noting that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

### III.   DISCUSSION

#### A. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, the defendant must prove that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficiencies prejudiced his defense. *Strickland v. United States*, 466 U.S. 668 (1984). The defendant "must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690.  Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . ." *Id*. at 689.  As the *Strickland* Court observed:

> It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable . . . [E]very effort [must] be made to eliminate the distorting effects of hindsight…

*Id*. at 689.

A defendant who alleged ineffective assistance of counsel following entry of a guilty plea has an even higher burden to meet. *See Lafler v. Cooper*, 132 S. Ct. 1376 (20120; *Hill v. Lockhart*, 474 U.S. 52, 53-59 (1985); *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). In *Hooper*, the Fourth Circuit stated that:

> When a defendant challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [*Strickland*] test is slightly modified. Such a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on trial."

*Hooper*, 845 F.2d at 475.

Defendant claims that his plea counsel failed to file an appeal when directed to do so. (ECF No. 145 at 5.) Defendant does not provide the court with any date, time, or circumstances surrounding his request that his plea counsel file an appeal. Because Defendant does not provide the court with any factual basis to support his contention, Defendant cannot meet his burden under *Strickland*. Further, Defendant's counsel provided an affidavit wherein he presented to the court a factual summary of his representation of Defendant up to and after sentencing. (ECF No. 267-1.) In his affidavit, Defendant's counsel stated he discussed the final written plea agreement in detail with Defendant during "at least four [4] of [the] attorney-client conferences" and during "at least three [3] of [their] telephone calls." (ECF No. 154-1 at 1-2 ¶¶ 5-8.) He specified that "at some or all of [these] conferences and phone calls, [he] would have specifically discussed with [Defendant] the appeal waiver provision." (*Id*. at 2 ¶ 8.) Immediately after sentencing on December 14, 2018, counsel recounted that he met with Defendant and discussed whether he wanted to file an appeal. (*Id*. at 2 ¶ 9.) Counsel stated that he "would have filed an appeal despite the appeal waiver provision in the plea agreement. (*Id*.) Defendant did not want him to do so. On December 20, 2018, Defendant again affirmed his choice to forgo an appeal. (*Id*. at 2 ¶ 10.) Counsel submitted copies of timesheets which confirm his statements and show that on December

14 and December 20, 2018, Defendant "agree[d] to waive appeal" and "affirmed no appeal." (*Id*. at 22.)  Finally, this court advised Defendant regarding the appeal waiver in his plea agreement during both the plea hearing (ECF No. 153 at 23) and sentencing (ECF No. 152 at 28).[1]  Both times, Defendant expressly stated he "underst[ood] [his] appeal rights." (*Id*.; ECF No. 153 at 23.)

Similarly, Defendant's argument that counsel failed to raise the nondescript issue of "jurisdiction" is without force.  Because the court clearly maintains jurisdiction over defendants who, like Defendant, are brought before it for the violation of federal statutes, this constitutes a frivolous defense.  And counsel's failure to raise a frivolous defense is not deemed ineffective assistance under *Strickland*.  *Smith v. Robbins*, 528 U.S. 259, 287-88 (2000).  Because Defendant cannot meet his burden, his ineffective assistance of counsel claims must fail.

### B. <u>Defendant's Appeal Waiver</u>

The court emphasizes again that Defendant pleaded guilty to the charges he now contests.  It is well-established that "when a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to the entry of the plea." *United States v. Moussaoui*, 591 F.3d 263, 279 (4th Cir. 2010), *as amended* (Feb. 9, 2010) (citing *United States v. Bundy,* 392 F.3d 641, 644 (4th Cir. 2004)).  Moreover, "if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Tate*, 845 F.3d 571, 574

---

[1] At the plea hearing, the court informed Defendant that the plea "limit[ed] [his] rights to contest the sentence" (ECF No. 153 at 23), and at the sentencing hearing, the court reminded Defendant of the following:
> "[Y]ou agreed to waive the right to contest the conviction or the sentence in any direct appeal.  That does not include prosecutorial misconduct, ineffective assistance of counsel, or any changes in the law that will benefit you.  If you do appeal, it will have to be timely through yourself or your lawyer."

(ECF No. 152 at 28.)

n.1 (4th Cir. 2017) (internal quotation marks and citation omitted). Here, the court deemed Defendant's plea to be made "voluntarily and intelligently." (ECF No. 153 at 32.) Defendant does not challenge the voluntariness of his plea today, and during his plea and sentencing hearings before this court, expressed satisfaction with his attorney and affirmed his agreement with the terms of his plea agreement. (*Id.*) These circumstances therefore "foreclose[] federal collateral review of allegations of antecedent constitutional deprivations." *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1294-96 (4th Cir. 1992). Thus, "[o]nce judgment on a plea is final, collateral inquiry is limited to whether the plea itself was counseled and voluntary." *Id.* (citing *United States v. Broce*, 488 U.S. 563 (1989); *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973)).) Here, grounds two, three, and four within Defendant's motion to vacate (ECF No. 145) each raise merits issues regarding counsel's pre-plea performance or other antecedent constitutional violations. These claims are therefore subject to dismissal through Defendant's knowing and voluntary guilty plea and cannot support Defendant's claims for relief.

### IV. CONCLUSION

After a thorough review, the court **GRANTS** the Government's Motion for Summary Judgment (ECF No. 154) and **DISMISSES** Defendant's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 145) without a hearing.

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any

dispositive procedural ruling by the district court is likewise debatable.  See *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 20, 2021
Columbia, South Carolina